UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------

                                      :

THOMMEN MEDICAL USA, LLC    :

                                        :       CASE NO. 1:11-CV-01833

              Plaintiff,       :

                                          :

    v.                                 :       OPINION & ORDER
                                 :       [Resolving Doc. Nos. 3, 4, 6, 15, 17.]

JOSHUA TANNER,              :

                                        :

              Defendant.     :

                                          :

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this breach-of-restrictive-covenant case, Defendant Joshua Tanner moves to dismiss the case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or alternatively, to transfer venue pursuant to 28 U.S.C. § 1404(a).  [Doc. 6-1.]  The Court ordered supplemental briefing, and the parties filed memoranda.  [Doc. 16, 18, 19, 20.]  Finding that the interests of justice and the convenience of the parties and witnesses will be served by transferring this matter, the Court **GRANTS** Tanner's motion to transfer and **ORDERS** that this case be transferred to the District of Colorado pursuant to 28 U.S.C. § 1404(a).

Thommen Medical USA, LLC, an Oklahoma dental-implant products company headquartered in Ohio, brings this action against its former employee, Joshua Tanner, to enforce a confidentiality and non-solicitation agreement.  [Doc. 1-1.]  From November 2010 to May 2011, Tanner worked for Thommen as a dental implants sales representative in California.

In November 2010, Tanner, then a resident of California, interviewed with Thommen in

-1-

Case No. 1:11-CV-01833
Gwin, J.

Cleveland and later attended training in Ohio during his first week of work.  These two occasions

were the only times Tanner was in Ohio regarding his employment.  At the training, Thommen

presented Tanner with a "Non Disclosure, Confidentiality and Non Solicitation Agreement"—the

covenant Thommen is seeking to enforce—and, according to Tanner, directed him to sign it.

[Doc. 18 at 5.]  The Restrictive Covenant Agreement contains a forum selection clause which

purports to bind the parties to litigation in Ohio.[1/]  Beyond those two visits, Tanner says he has

had no other contact with Ohio:  Thommen assigned him to cover only California customers and

he did not solicit customers in Ohio, or otherwise visit the state.  [Doc. 18 at 5.]

In May 2011, Tanner quit his job at Thommen and moved to Colorado to work for

another dental-implant company, Implant Direct Sybron International, LLC (headquartered in Las

Vegas).  [Doc. 16 at 10.]  Tanner had done no work in Colorado for Thommen.  Currently,

Tanner is responsible for sales in Colorado and says he does not solicit customers in either

California or Ohio.  [Doc. 18 at 6.]  On August 24, 2011, Thommen filed suit against Tanner in

the Cuyahoga County Court of Common Pleas for breach of confidentiality, the non-disclosure

agreement and misappropriation of trade secrets.  [Doc. 1-1.]  On August 30, 2011, Tanner

removed to this Court.  [Doc. 1.]

28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  Although a forum-selection clause receives some

---

[1/]The Non-Disclosure, Confidentiality, and Non-Solicitation Agreement states, "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Ohio. Should any conflict arise concerning the terms of this Agreement which shall result in litigation, the parties hereto agree that the forum for such litigation and the venue thereof shall lie in the United States District Court, Ohio, or the Court of Common Pleas, Cuyahoga County, Ohio, and the parties specifically waive any and all objections to jurisdiction and venue to the contrary." [Doc. 16 at 3.]

Case No. 1:11-CV-01833
Gwin, J.

consideration,

> Section 1404(a) directs a district court to take account of factors other than those
> that bear solely on the parties' private ordering of their affairs.  The district court
> also must weigh in the balance the convenience of the witnesses and those
> public-interest factors of systemic integrity and fairness that, in addition to private
> concerns, come under the heading of "the interest of justice."

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988).  In deciding a motion to transfer,

therefore, the Court balances the private and public interests.

First, the Court considers the private interests—primarily the convenience of the parties

and witnesses.  Other considerations include the plaintiff's forum preference, where the claim

arose, and access to sources of proof.  *See* 15 Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure  § 3847 (3d ed. 2011).

As the Defendant points out, Thommen's claims arise from Tanner's contacts in

California, and his current work in Colorado.  While employed by Thommen, Tanner solicited

and sold to customers exclusively in California.  Now, he is responsible for sales in Colorado,

with a firm headquartered in Las Vegas.  Whether Tanner is in breach of the restrictive covenant

will involve evidence of his current business practices in Colorado and, to some extent, witnesses

from California.  Nothing in this case, however, involves actions taken in Ohio.  Thus, if

anything at all can be determined from these private interests, Ohio is the least convenient venue.

This case could have been brought in Colorado or possibly California.   The private interests of

Tanner, and most of the witnesses, weigh heavily in favor of transfer to Colorado.

And although Thommen makes much of its own inconvenience, the claim that it will be

"nearly impossible" to send corporate management and other witnesses to another venue is a

gross overstatement.  [Doc. 16 at 9.]  Frankly, litigation is inconvenient wherever it occurs, and

-3-

Case No. 1:11-CV-01833
Gwin, J.

in this case, one party or the other will be put out by travel.  Presumably, Thommen will seek to enforce its claim that Tanner breached his non-compete and confidentiality obligations with witnesses whom he dealt with after leaving Thommen.  Those witnesses seem to all be in Colorado.

Moreover, the private "choice" of a forum under the forum-selection clause was hardly a choice for Tanner.  In contrast to an arms-length bargain between two equal business entities, Tanner and Thommen did not negotiate for the forum selection clause.  *Cf. The Bremen v. Zapata Off-Shore Co.*, 401 U.S. 1 (1972).  Thus, though the forum-selection clause is due some consideration, the forum-selection clause is no different from Thommen's private preference for this venue.  On balance, then, the Court finds that the private interests weigh in favor of transfer to Colorado.

Second, the Court considers the public interests—that is, "systemic integrity and fairness . . . that come under the heading of 'interest of justice.'"  *Stewart*, 487 U.S. at 30.  Again, the Court finds that the public factors weigh in favor of transferring the case to the District of Colorado.  Adjudication in a forum with no interest in the case does not serve the interests of justice.  True, Thommen is headquartered in Ohio, but it is an Oklahoma Corporation.  Tanner's few Ohio contacts are the fortuitous result of Thommen's office location.  Again, Ohio has little interest in the resolution of this case.  Colorado, on the other hand, has an interest in providing a forum for the resolution of suits against its residents and an interest in stopping improper commercial competition.  Accordingly, the public interests also weigh in favor of transferring the case to the District of Colorado.

Finding that the interests of justice and the convenience of the parties and witnesses will

Case No. 1:11-CV-01833
Gwin, J.

be served by transferring this matter, the Court therefore **GRANTS** Tanner's motion and

**ORDERS** that this case be transferred to the District of Colorado pursuant to 28 U.S.C.

§ 1404(a).  The Court **DENIES** all other pending motions as moot.  [Doc. 3, 4, 15, 17.]

      IT IS SO ORDERED.


Dated: November 17, 2011                  s/           *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE